IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

M.C.E., a minor, by her mother and  \*
next friend T.Q.A., *et al.*,
                                             \*

            Plaintiffs,
                                             \*

v.                                                   Civil Action No.: RDB-09-3365
                                               \*

BOARD OF EDUCATION OF
FREDERICK COUNTY, *et al.*,                    \*

            Defendants.                          \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiffs M.C.E., a student, and T.Q.A., her mother (collectively, "Plaintiffs") move to supplement the administrative record. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2009). For the reasons stated below, Plaintiffs' Motions for Leave to Submit Evidence on Appeal (Paper No. 8) and Motion for Permission to File Supplemental Memorandum (Paper No. 16) are DENIED.

## BACKGROUND

In October 2006, M.C.E., a nine year old student who attended Monocacy Valley Public Charter School, was diagnosed with attention deficit hyperactivity disorder ("ADHD") and anxiety disorder. Based upon this diagnosis and its potential impact on M.C.E.'s education, Frederick County Public Schools ("FCPS") found M.C.E. eligible for special education services. M.C.E. received part-time special education services for the remainder of her time at Monocacy Valley, but she did not progress in reading and math commensurate with her age and ability. In September 2008, M.C.E.'s mother, T.Q.A., asked FCPS to consider placing M.C.E. at a public school that could provide her with a more appropriate education. If no appropriate public

program could be identified, T.Q.A. requested that FCPS place M.C.E. at The Friendship School, a private school for students with learning disabilities, principally those with reading deficits.

In April 2009, FCPS formally proposed an Individualized Education Plan for M.C.E. in accordance with the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, and determined that M.C.E. should be placed in the Pyramid Program at Lewistown Elementary School ("Pyramid"). After visiting Pyramid on two separate occasions, Plaintiff T.Q.A. strenuously objected to her daughter being placed in that program. T.Q.A. contends that Pyramid is primarily aimed at students with histories of severe aggression and acting out, behavioral issues M.C.E. does not have, and that Pyramid would not adequately address M.C.E.'s learning disabilities. T.Q.A. ultimately enrolled her daughter in The Friendship School.

On May 12, 2009, Plaintiffs filed a due process request challenging M.C.E.'s 2009 Individualized Education Plan. After an administrative hearing held on seven non-consecutive days from July 1, 2009 until July 23, 2009, the Administrative Law Judge ("ALJ") concluded on August 19, 2009 that Defendant FCPS's proposal to place M.C.E. at Pyramid did not violate her rights to a Free Appropriate Public Education ("FAPE"), 20 U.S.C. § 14112(a)(1)(A). On December 17, 2009, Plaintiffs appealed the ALJ's findings to this Court. They now seek to supplement the record by presenting evidence related to whether Pyramid is appropriate for M.C.E. Specifically, Plaintiffs request that this Court consider a series of articles published in the *Frederick Gazette* newspaper concerning the use of restraint and seclusion as behavior management at Pyramid, and evidence that M.C.E. is making progress at The Friendship School. FCPS opposes Plaintiffs' motions, asserting that this additional evidence could have been presented during the administrative hearing, is unnecessary, and that it is irrelevant to the appeal.

## ANALYSIS

It is well recognized that a court reviewing an administrative decision under the IDEA "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). As the United States Court of Appeals for the First Circuit explained in *Town of Burlington v. Dept. of Ed. for the Commonwealth of Massachusetts*, 736 F.2d 773 (1st Cir. 1984), *aff'd on other grounds,* 471 U.S. 359 (1985):

> The reasons for supplementation [of the record on appeal] will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.

*Id*. at 790. Thus, although the IDEA permits the reviewing court to supplement the record, courts "normally determine these issues based solely on the administrative record." *Schaffer v. Weast*, 554 F.3d 470, 476 (4th Cir. 2009) (citing *West Platte R-II Sch. Dist. v. Wilson*, 439 F.3d 782, 785 (8th Cir. 2006)). The United States Court of Appeals for the Fourth Circuit has generally adopted the *Burlington* approach regarding additional evidence, though it has expressly adopted a strict interpretation of what should be permitted as additional evidence under the IDEA. In *Jaynes v. Newport News School Board*, 13 Fed. Appx. 166, 174 (4th Cir. 2001), the Fourth Circuit held that though "the IDEA permits the district court to hear new evidence, we have held that such evidence is limited to that which could not have been presented before the administrative agencies." In *Springer v. Fairfax County Schoolboard*, 134 F.3d 659, 667 (4th Cir. 1998), the Fourth Circuit cautioned that "[a] lax interpretation of 'additional evidence'

would reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the Act's judicial review mechanism into an unrestricted trial *de novo*." *Id.* (quoting *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 997 (1st Cir. 1990)). Accordingly, the party desiring to supplement the record carries a heavy burden. *Town of Burlington,* 736 F.2d at 791.

Plaintiffs seek to introduce supplemental evidence related to whether Pyramid is an appropriate program for M.C.E.; specifically Plaintiffs seek to include a series of articles published in the *Frederick Gazette* newspaper concerning the use of restraint and seclusion as behavior management at Pyramid. Notably, one of these newspaper stories quotes Karen Williams, a social worker whom T.Q.A. met on her visits to Pyramid, but whom T.Q.A. chose not to call as a witness at the administrative hearing. Plaintiffs contend that this evidence is proffered to correct a factual error made by the ALJ, namely that the evidence presented at the administrative hearing did not support a finding that the Pyramid students' behavioral problems would have a detrimental effect on M.C.E. At the administrative hearing, however, M.C.E.'s mother, T.Q.A., the principal of Lewistown Elementary, Amy Schwiegerath, and the Support Teacher at Pyramid, Margaret Moore, all testified about the use of the seclusion room at Pyramid. ALJ Tr. at 824; 836 - 37; 840; 931. The ALJ considered the testimony of these three witnesses when weighing the effect of the seclusion room on Pyramid's atmosphere and determining whether Pyramid was an appropriate program for M.C.E. Additionally, Plaintiffs were free to call further witnesses to testify as to their opinions of Pyramid and its use of a seclusion room. Since the ALJ was aware of the use of the seclusion room during the hearing and considered testimony on this topic, this additional evidence would be of minimal help to this Court when reviewing the administrative decision. Furthermore, this type of post-hearing

4

evidence would risk diminishing the role of administrative proceedings under the IDEA. *See Schaffer*, 554 F.3d at 476. Accordingly, supplementing the record with these newspaper articles is unnecessary because the record is sufficiently established with respect to this point.

Plaintiffs also seek to introduce supplemental evidence regarding the progress M.C.E. is making at The Friendship School. Plaintiffs contend that this evidence supports their argument that FCPS's assessment of M.C.E.'s behavioral problems and decision to place her at Pyramid were incorrect. In *Schaffer*, the Fourth Circuit acknowledged the inevitability that additional information will become available after an administrative hearing, such as changes in a child's academic performance. *Schaffer,* F.3d at 476. The Fourth Circuit underscored that judicial review of Individualized Education Plans under the IDEA is meant to be largely prospective and should focus on a child's needs looking forward, and that this prospective review would be undercut if significant weight were given to evidence that arose only after an IEP is created. *Id.* In fact, in *Schaffer* the Fourth Circuit pointed out that the IDEA "affirmatively requires school districts to create and analyze new information - which would become fodder for endless litigation if district courts were compelled to give significant weight to new evidence whenever it arose." *Id*. Since evidence of M.C.E.'s progress at the Friendship School was not available to the ALJ at the time of the hearing, this Court's evaluation of such subsequent evidence would undercut the ALJ's credibility determination and impermissibly transform the administrative review into a hearing *de novo*. Accordingly, this Court will not consider new evidence regarding M.C.E.'s performance at The Friendship School.

## **CONCLUSION**

For the reasons stated above, Plaintiffs' Motions for Leave to Submit Evidence on Appeal (Paper No. 8) and Motion for Permission to File Supplemental Memorandum (Paper No. 16) are DENIED.

A separate Order follows.

Dated: June 15, 2010                                /s/_____

                                                                               Richard D. Bennett
                                                                               United States District Judge